UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24005-CIV-WILLIAMS

TIRSO R. MENDOZA,

    Plaintiff,

vs.

QUIRCH FOODS CO., *et al.*,

    Defendants.
_____/

## SCHEDULING ORDER REQUIRING MEDIATION, REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE, AND ESTABLISHING PRE-TRIAL PROCEDURES

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning on **January 9, 2017** before the Honorable Kathleen M. Williams at 400 North Miami Avenue, Courtroom 11-3, Miami, Florida. Calendar call will be held at **11:00 a.m**. on **January 3, 2017**. A request for a pre-trial conference must be filed at least 30 days prior to the calendar call.

I.    <u>Schedule.</u>  The Parties shall adhere to the following schedule:

| | |
|---|---|
| February 5, 2016 | The Parties shall furnish lists with names and addresses of fact witnesses in accordance with Rule 26 of the Federal Rules of Civil Procedure. The Parties are under a continuing obligation to supplement discovery responses with ten (10) days of receipt or other notice of new or revised information. |
| February 19, 2016 | The Parties shall file motions to amend pleadings or join Parties. |

| | |
|---|---|
| April 4, 2016 | The Plaintiff shall disclose experts, expert witness summaries and reports. |
| April 15, 2016 | The Parties shall complete mediation and file a mediation report with the Court. |
| May 9, 2016 | The Defendant shall disclose experts, expert witness summaries and reports. |
| June 6, 2016 | The Parties shall exchange rebuttal expert witness summaries and reports. |
| August 22, 2016 | The Parties shall complete all discovery, including expert discovery. |
| September 30, 2016 | The Parties shall file all dispositive pre-trial motions and memoranda of law. |
| October 30, 2016 | Parties shall file any motions to exclude expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1] |

---

[1] If the Parties believe that their *Daubert* motion(s) would be case dispositive, they must be filed by the dispositive motion deadline.

| | |
|---|---|
| November 22, 2016 | The Parties shall file a joint pre-trial stipulation, as required by Local Rule 16.1(e) and final proposed jury instructions. Joint proposed jury instructions or conclusions of law (for non-jury trials) shall outline: 1) the legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised. |
| November 22, 2016 | The Parties shall file all motions *in limine*. |
| December 22, 2016 | The Parties shall file their deposition designations. |
| December 22, 2016 | The Parties shall file witness and exhibit lists. The witness list shall include only those witnesses the Parties actually intend to call at trial and shall include a brief synopsis of their testimony and the Parties' estimate of time needed for direct and cross examination. The exhibit lists shall identify each witness that will introduce each exhibit. |

II.  <u>Mediation.</u>  Within **thirty (30) days of the date of this Order**, the Parties shall:  select a mediator certified under Local Rule 16.2(b); schedule a time, date, and place for mediation; and jointly file a proposed order scheduling

mediation as shown on the Sample Form Order Scheduling Mediation found in the Forms located on the Court's website. If the Parties cannot agree on a mediator, they shall notify the Clerk in writing immediately, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all Parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.

III. Referral. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Local Rules, all non-dispositive pre-trial motions and discovery disputes are referred to Magistrate Judge Andrea M. Simonton. Such motions shall include, but are not limited to, motions to appear *pro hac vice*, motions to proceed *in forma pauperis*, discovery-related motions, motions for attorney's fees and costs, and motions for sanctions. However, this Order does not refer any motion that requests a continuance or an extension of the pre-trial motions deadline or the trial date. The Parties shall comply with the separate procedures on discovery disputes and objections as set out in Attachment A.

IV. Motions. Strict compliance with the Local Rules is expected with regard to motion practice. *See* Local Rule 7.1. For example, when filing non-dispositive motions, the moving Party **SHALL** submit a proposed order in Word format via email to chambers at Williams@flsd.uscourts.gov. Local Rule 7.1(a)(2). Counsel for the moving party **MUST** also confer, or make a reasonable effort to confer, before filing certain motions, as required by Local Rule 7.1(a)(3).

All motions and attachments to motions are required to be filed in a text searchable format pursuant to CM/ECF Administrative Procedure 3G(5).

Strict compliance with the Local Rules is also expected with regard to motions for summary judgment. See Local Rule 56.1. For example, the moving Party must contemporaneously file a statement of undisputed material facts, delineating by number each material fact, **supported with specific citations to the record** (Docket Entry, Exhibit, Page Number(s)). The opposing Party must file contemporaneously with its opposition a response to the statement of material facts, which shall respond by corresponding number to each of the moving Party's statement of material facts. Local Rule 56.1(a). The opposing Party shall state, based on citations to the record, whether each fact is disputed or undisputed. If the fact is disputed, the opposing Party shall state why the dispute is a material one. "All material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." Local Rule 56.1(b). These procedures shall also apply to the moving Party when responding to any additional facts set forth in the opposing Party's statement of material facts.

The Parties may stipulate to extend the time to answer interrogatories, produce documents and answer requests for admission. The Parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for

hearing a motion, or for trial. Such stipulations may be made only with the Court's approval. See Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the Parties shall not file notices of deposition with the Court.

Any Party seeking to make a filing under seal shall comply with Local Rule 5.4. The Parties cannot override the requirements of that Rule through a joint protective order.

Any party seeking to change any of the above deadlines must file a Motion to Continue or Motion for Extension of Time. **Notices of unavailability will not be construed as motions to continue or otherwise operate to change the Court's schedule in any way.**

V. <u>Jury Instructions.</u> The Parties shall submit proposed jury instructions jointly, though they need not agree on each and every instruction. If the Parties do not agree on a proposed instruction, the language proposed by plaintiff shall be underlined and the language proposed by defendant shall be italicized. Every instruction must be supported by a citation of authority. The Parties shall use the Eleventh Circuit Pattern Jury Instruction for Civil Cases, including the directions to counsel. If a deviation from the Pattern is requested, the parties shall specifically provide a citation of authority supporting the deviation. The Parties shall submit their proposed instructions via email to chambers at Williams@flsd.uscourts.gov.

VI. <u>Deposition Designations.</u> For each unavailable witness, the Parties shall confer and submit a joint deposition designation. The party offering the

testimony shall select a color and highlight the pages and lines which they wish to introduce. The non-introducing party shall then underline in red the portions of the designated testimony objected to and in the margins indicate the basis for the objection (*i.e.*, irrelevant, hearsay, etc.). The non-introducing party shall also select a color and submit to the Court those additional pages and lines that they deem counter designated. In turn, the introducing party shall underline in red the portions of the counter-designated testimony objected to and indicate in the margins the basis for their objection.

VII.  Settlement. If the case settles in whole or in part, counsel must inform the Court immediately by emailing chambers at Williams@flsd.uscourts.gov and promptly thereafter filing a joint stipulation of dismissal.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of January, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

DISCOVERY PROCEDURES FOR
MAGISTRATE JUDGE ANDREA M. SIMONTON

The discovery procedures below apply to this case.

A. **Pre-hearing Communication**. If a discovery dispute arises, Counsel must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention. The Court expects all Parties to act courteously and professionally in the resolution of their discovery disputes in an attempt to resolve the discovery issue prior to setting a hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.

B. **Hearing Procedures**. If, after conferring, parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Andrea M. Simonton will set the matter for a hearing. Discovery disputes are generally set for hearing (10 minutes per side) on Wednesdays and Fridays between 10:30 a.m. and 12:00 p.m. Counsel shall appear in person at the hearing.

The moving party must seek relief by contacting Magistrate Judge Simonton's Chambers (305-523-5930) and placing the matter on the next available discovery calendar. The movant must contact chambers no later than three (3) business days before the discovery calendar, after conferring with opposing counsel and confirming his or her availability.

On the same day the matter is placed on the discovery calendar, the movant shall file a Notice of Hearing which shall briefly specify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9," or "The Parties dispute the number of depositions permitted.") The Notice shall include a certification that the parties have complied with the pre-filing conference required by S.D. Fla. L.R. 7.1(a)(3). A Notice of Hearing must be filed within fourteen (14) days of the date of the occurrence of the grounds for the dispute.

The movant shall provide Magistrate Judge Simonton a copy of all source materials relevant to the discovery dispute, via hand-delivery or through a scanned PDF document that is emailed to the CM/ECF mailbox (simonton@flsd.uscourts.gov), when the Notice of Hearing is filed. (For example, if the dispute concerns interrogatories, the interrogatories at issue and the response thereto shall be provided to Magistrate Judge Simonton's Chambers.)

C. **No Written Motions**. No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge Simonton. It is the intent of this procedure to minimize the necessity of motions. The Parties shall notify Chambers as soon as practicable if they resolve some, or all, of the issues in dispute.

## DISCOVERY OBJECTIONS

In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court.

### 1. Vague, Overly Broad, and Unduly Burdensome

The parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1(g)(3)(A), which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court. A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. See Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" [citation omitted]). If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.

### 2. Objections Based Upon Scope

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

### 3. Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence. The parties are reminded that the Federal Rules allow for broad discovery that does not need to be admissible at trial. See Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351-52 (1978); see also S.D. Fla. L.R. 26.1(g)(3)(A).

### 4. Formulaic Objections Followed by an Answer

The parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a Party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the Party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain

as to whether the question has actually been fully answered or whether only a portion of the question has been answered. *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; *see also* S.D. Fla. L.R. 26.1(g)(3)(A).

### 5. Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with the local rules. Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. The parties are instructed to review Local Rule 26.1(g)(3)(B) carefully and to refrain from objections such as: "Objection. This information is protected by attorney/client and/or work product privilege." If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.