UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24005-CIV-SIMONTON

TIRSO R. MENDOZA,

    Plaintiff,

v.

QUIRCH FOODS CO., and
IGNACIO J. QUIRCH,

    Defendants.
_____/

**ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court upon the Defendants' Case-Dispositive Motion for Summary Judgment, ECF No. [38]. The Plaintiff has filed a Response in Opposition and the Defendants have filed a Reply, ECF Nos. [41] [45]. Also pending before the Court is the Defendants' Motion to Strike or Disregard Plaintiff's Affidavit, ECF No. [46]. That Motion has been fully briefed, ECF Nos. [47] [48]. Pursuant to the Parties' consent, the Honorable Kathleen M. Williams, United States District Judge, has referred this matter to the undersigned Magistrate Judge to take all necessary and proper action as required by law, through and including trial by jury and entry of final judgment, ECF No. [30]. For the following reasons, the Defendants' Motion to Strike or Disregard Plaintiff's Affidavit, ECF No. [46] is denied, and the Defendants' Case-Dispositive Motion for Summary Judgment, ECF No. [38] is granted.

**I. BACKGROUND**

This matter was initiated when the Plaintiff, Tirso R. Mendoza, ("Mendoza") filed a one-count Complaint against Defendants Quirch Foods Co., and Ignacio J. Quirch ("Quirch") alleging overtime wage violations of the Fair Labor Standard Act, 29 U.S.C. §§ 201-206, ECF No. [1]. The Complaint alleges that the Plaintiff worked for the Defendants

as a warehouse worker from on or about April 16, 2008 through on or about September 29, 2015, ECF No. [1] at 2. The Plaintiff alleges that during that time, he worked an average of 78 hours per week for the Defendants loading and unloading trucks, but was not paid any wages at all for any hours worked over 40 hours a week, ECF No. [1] at 3. The Plaintiff seeks to recover double damages and reasonable attorney fees from the Defendants, along with court costs, interest, and any other relief that the Court finds reasonable under the circumstances, ECF No. [1] at 4.  The Plaintiff requests a trial by jury.

In their Answer and Affirmative Defenses, the Defendants admit that the Plaintiff was employed by Quirch Foods Co. as a truck loader from approximately April 2008 through September 28, 2015, ECF No. [14] at 3.  In their Affirmative Defenses, the Defendants contend, *inter alia*, that the Plaintiff is not entitled to overtime pay because he is exempt from federal overtime compensation pursuant to the Motor Carrier Act exemption, ECF No. [14] at 6.

## II. THE POSTIONS OF THE PARTIES

The Defendants have filed the instant Motion for Summary Judgment contending that Quirch is entitled to summary judgment as a matter of law because Plaintiff Mendoza was exempt from payment of overtime wages pursuant to the Motor Carrier Exemption ("MCE") of the FLSA, ECF No. [38].   The Defendants primarily rely on the deposition testimony of the Plaintiff in support of their Motion and contend that that testimony establishes that as a truck loader for Quirch, the Plaintiff was engaged in using his discretion for the wrapping and loading of food products to ensure that the trucks were loaded in a balanced manner. The Defendants assert that therefore when Plaintiff worked as a truck loader for Quirch that his activities in that position directly affected the safety

of motor vehicles in interstate commerce, and therefore contend that the Plaintiff was properly classified as an exempt employee under the FLSA.

The Defendants also note that the Department of Labor ("DOL") previously audited Quirch Foods, including a review of whether the MCE applies to Truck Loaders' Duties.  The Defendants contend that the DOL concluded that those loaders' positions met the requirements of the MCE, and the Defendants assert that those duties have not changed since that audit.

In opposition to the Defendants' Motion for Summary Judgment, the Plaintiff argues that the Defendants have failed to meet their burden of establishing that the Plaintiff is an exempt employee under the MCE because the Defendants have failed to establish: 1) that the Plaintiff was in charge of ensuring that the goods were loaded and transported safely for purposes of highway safety; 2) that the Plaintiff had discretion when performing his loading duties; 3) that the Plaintiff's job contained any type of safety-related decision-making; and, 4) that the Plaintiff made any discretionary decisions regarding loading and placement that would be associated with maneuverability on the public highways, ECF No. [41] at 3-7. Thus, the Plaintiff, in essence, contends that he did not exercise the judgment and discretion in the execution of his job duties and thus cannot be considered a loader for purposes of the MCE exemption.  The Plaintiff also argues that the Defendants should not be permitted to rely on a DOL investigation that failed to identify the truck loaders employed, for purposes of determining whether those truck loaders were similarly-situated to Plaintiff Mendoza, ECF No. [41] at 7-8.

The Plaintiff primarily points to his statements in the Affidavit in opposition to the Motion to support this contention.  Specifically, the Plaintiff asserts that his Affidavit in combination with his deposition testimony establish that the Plaintiff was supervised

3

during the loading and unloading of the truck, and that highway safety issues, as opposed to safety issues related to preservation of the food products being shipped, were overseen by the supervisors and scanners and were not part of the Plaintiff's duties, ECF No. [41] at 3-4, 5-6.

### III. LEGAL FRAMEWORK

#### A. *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). A party raises an issue of genuine material fact when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, (1986)).

A party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the

4

suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citation omitted). "Where the nonmoving party has failed to make a sufficient showing 'to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' there exist no genuine issues of material fact." *Mize*, 93 F.3d at 742 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### B. *The Fair Labor Standards Act and the Motor Carrier Exemption ("MCE")*

The Fair Labor Standards Act (FLSA) provides that employers must pay non-exempt employees at "one and one-half times the regular rate" for time worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, the FLSA exempts "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" under the Motor Carrier Act. 29 U.S.C. § 213(b)(1). The Eleventh Circuit has explained that "[t]he Secretary has the power to establish qualifications and maximum hours of service for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 181–182 (11th Cir. 1991) (citing 29 C.F.R. § 782.2(a)). Exemptions to the FLSA are narrowly construed against the employer. *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008).

The Department of Labor has issued regulations which provide a description and guidance as to those employees who are exempt under the MCE. Those regulations provide in relevant part,

> A "loader," . . . is an employee of a carrier subject to section 204 of the Motor Carrier Act. . . whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country. A "loader" may be called by another name, such as "dockman," "stacker," or "helper," and his duties will usually also include unloading and the transfer of freight between the vehicles and the warehouse, but he engages, as a "loader," in work directly affecting "safety of operation" so long as he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized.

29 C.F.R. § 782.5. In addition, 29 C.F.R. § 782.2, entitled "Requirements for exemption in general" provides, in relevant part,

> (2) The exemption is applicable, under decisions of the U.S. Supreme Court, to those employees and those only whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act.
>
> . . .
>
> In determining whether an employee falls within such an exempt category, neither the name given to his position nor that given to the work that he does is controlling
>
> . . .
>
> (3) As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and

6

> **engaged in safety-affecting occupations, that he is likely to be called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character described in paragraph (b)(2) of this section, he comes within the exemption in all workweeks when he is employed at such job.**
>
> **. . .**
>
> **On the other hand, where the continuing duties of the employee's job have no substantial direct effect on such safety of operation or where such safety-affecting activities are so trivial, casual, and insignificant as to be *de minimis*, the exemption will not apply to him in any workweek so long as there is no change in his duties.**
>
> **. . .**

**29 C.F.R. § 782.2(b) 2 & 3.**

### IV. <u>ANALYSIS</u>

#### A. *Plaintiff's Affidavit Will Not Be Stricken*

As a preliminary matter, the Defendants have moved to strike the Plaintiff's Affidavit contending that the Affidavit is a self-serving sham affidavit that directly contradicts the testimony given by the Plaintiff at his deposition, ECF No. [46]. In support of this contention, the Defendant cites *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F. 2d 656, 657 (11th Cir. 1984) for the proposition that when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.

In response, the Plaintiff contends that his Affidavit does not contradict the testimony given at his deposition, and instead argues that in their Motion to Strike, the Defendants failed to fully quote the Plaintiff's deposition as to those issues in contention, ECF No. [47]. By way of example, the Plaintiff points to that portion of the

7

**Plaintiff's deposition testimony that related to the nature of any safety duties that were encompassed in the Plaintiff's work duties, ECF No. [47] at 2. The Plaintiff contends that throughout his deposition testimony, the Plaintiff consistently testified that his job duties ensured the safety of the product and not the safety of the truck. The Plaintiff further contends that the issues raised by the Defendant related to the Plaintiff's testimony involve issues of credibility that are matters for the jury.**

**In this circuit, a court may "disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony."** *McCormick v. City of Fort Lauderdale*, **333 F.3d 1234, 1240 n. 7 (11th Cir. 2003). "'When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact [for summary judgment], that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'"** *Id.* **(quoting** *Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc.*, **736 F.2d 656, 657 (11th Cir. 1984) (emphasis omitted)).**

**The undersigned has carefully reviewed the deposition testimony of the Plaintiff as well as the Affidavit submitted in opposition to the Defendant's Motion for Summary Judgment and concludes that the Affidavit should not be stricken. While the undersigned is somewhat troubled by the form of the Affidavit, as discussed below, and the fact that it merely denies the truth of certain testimony offered by the Defendants without further explanation, the Affidavit does not directly contradict the Plaintiff's testimony. Rather, the Affidavit reasserts the Plaintiff's contention, that was also made at his deposition, that his primary focus in his job was the safety of the food product he loaded and not the safety of the truck. Thus, although arguably the Affidavit does have the hallmarks of a**

8

sham affidavit, it is not in complete contradiction to the Plaintiff's deposition statement. Accordingly, the Affidavit will not be stricken.

      **B.** *The Defendant is Entitled to Summary Judgment Pursuant to the MCE*

  In their Motion for Summary Judgment, the Defendants argued that Quirch Foods qualifies as a Motor Private Carrier subject to the Secretary of Transportation's jurisdiction, and the Plaintiff did not dispute this assertion in response to the Motion for Summary Judgment. Thus, it is undisputed and the record supports that Quirch Foods Co., qualifies as a "motor carrier" subject to the Secretary's MCE jurisdiction. *See* 49 U.S.C. §§ 13102(14), 13501. In addition, the Plaintiff did not dispute the Defendants' contention that the Department of Labor's regulations expressly exempt "loaders" from FLSA overtime requirements under the MCE. Thus, the only issue in dispute before the undersigned is whether the Plaintiff's job activities and duties while working as a loader at Quirch directly affected the safety of operation of motor vehicles on public highways, thereby exempting him from the FLSA pursuant to the MCE.

  At the outset, the undersigned acknowledges that the regulations make clear that the title of the Plaintiff's job as "loader" standing alone is not controlling. However, viewing the facts in a light most favorable to the Plaintiff, and based upon a thorough review of the Plaintiff's deposition testimony, the undersigned concludes that the record supports the Defendants' contention that the Plaintiff's work duties as a loader required him to ensure that Quirch trucks were loaded in such a manner that they were safe while traveling on the highway. Specifically, in his deposition, the Plaintiff testified that while he worked for Quirch Foods he was responsible for bringing food products onto the truck where he organized, loaded and balanced those products, ECF No. [40-2] at 42-43. Further, the Plaintiff answered affirmatively when he was asked if it was his job to make sure that the truck wasn't unbalanced in a "tilting" way, ECF No. [40-2] at 67-68. The

**Plaintiff also conceded that if the truck was unbalanced it could create a safety issue for the driver, ECF No. [40-2] at 68 at 7-17. The Plaintiff also testified that he knew how to load the pallets from experience, ECF No. [40-2] at 88-89. Further, when the Plaintiff was asked what he considered to be the most important part of his job, he first responded, "What I consider to be most important in loading trucks, I would say the product safely," and then stated, "The safety of how the truck is loaded." ECF No. [40-2] at 90 at 11-20.**

**As to Plaintiff's argument that other employees were responsible for ensuring that the trucks were loaded safely, in his deposition, the Plaintiff testified that the "scanner" was his immediate boss and "is a person responsible for the truck that is about to be loaded." ECF No. [40-2] at 55 at 19-25. However, the Plaintiff continued with "[the scanners] have all of the necessary documentation, where you see the truck, pallet number, number of pallets, amount of merchandise. Everything related to that." ECF No. [40-2] at 56 at 1-4. Further, although the Plaintiff testified that a scanner would tell him how the scanner wanted something done regarding loading the pallets, the Plaintiff testified that sometimes the loading decisions were "on" him and that if he had a "bad scanner," he would call his supervisor and tell him that the way the scanner suggested for loading was not right, ECF No. [40-2] at 89-90. Thus, based upon the foregoing, and the entirety of the testimony, the undersigned concludes that the Plaintiff exercised sufficient discretion and judgment regarding the loading of the trucks so that his duties affected the safety of motor carriers' operations on the highways once the trucks were loaded with the food product.**

**Through his Affidavit, the Plaintiff attempts to escape the fact that his testimony makes clear that as part of his loading duties, he was tasked with ensuring that the truck was loaded in a manner that did not pose a safety hazard to the driver of the truck by focusing on the fact that the Plaintiff was also concerned with ensuring that the truck**

was loaded in a manner that would not cause damage to the food product loaded onto the truck, ECF No. [42-1].  However, the Plaintiff's Affidavit does not set out specific facts contained in the record to counter the facts offered by the Defendants as undisputed facts.  Rather, the Affidavit simply denies or admits certain facts and frequently states that the Defendants have mischaracterized the Plaintiff's deposition testimony. In addition, the Affidavit reiterates Plaintiff Mendoza's statement that his concern regarding the loading or wrapping of the product was to make sure that the product was not damaged, ECF No. [42] at 2, 3.  While the burden remains on the Defendants to demonstrate that the Plaintiff is subject to the motor carrier exemption, there is nothing in the applicable regulations that indicates that the duties of an exempt person are defined by what the loader focused on, but rather turn on the duties that the loader performs.   The undersigned has considered the testimony of the witnesses in this case, and concludes that the Plaintiff's job activities sufficiently involved the safety of the operation of the truck, to qualify him as an exempt employee.[1]

Finally, although not the basis of the undersigned's determination, the court notes the fact that Department of Labor had previously audited the loader position at Quirch and determined that loaders who worked for Quirch Foods qualified as exempt employees under the MCE.[2]

The undersigned's conclusion that the Plaintiff is subject to the MCE is not altered by the cases cited by Plaintiff in opposition to the Motion.  Specifically, *Chellis v. New*

---

[1] The Defendants also submitted the deposition transcripts of Iganacio J. Quirch and two other Quirch workers.  The testimony contained in those depositions was not challenged by the Plaintiff.

[2] To the extent that the Plaintiff was denied his request to depose the DOL worker who conducted the audit, that denial was without prejudice for the Plaintiff to renew that request once other loaders and witnesses had been deposed, if necessary.  The Plaintiff never sought additional relief from the Court on that issue.

11

*Century Transportation, Inc.*, 843 F. Supp. 2d 551 (D. New Jersey 2012) is distinguishable for a number of reasons. First, the court in *Chellis*, in evaluating the sufficiency of the allegations in a complaint on a motion to dismiss, opined on the statutory interpretation of the regulation which described a "loader's duties" for purposes of applying the MCE. The parties in *Chellis* disagreed as to whether the regulation was disjunctive, and only required the plaintiff to have duties placing, distributing or securing pieces of freight to fall within the exemption, or if the plaintiff was required to also exercise judgment and discretion in planning a balanced load. The Court in *Chellis* did not have to evaluate whether the facts supported a finding that a plaintiff, had in fact, exercised judgment and discretion in the course of his job activities, while considering a motion for summary judgment, akin to the case at bar.

Similarly, in *Yellow Transit Freight Lines, Inc. v. Balven*, 320 F. 2d 495 (8th Cir. 1963), the reviewing court concluded that the motor carrier's dock foreman was not subject to the exemption where his duties were primarily clerical and had no substantial effect on safety or the operation of the motor vehicles. Thus, that case is clearly distinct from the facts presented in this case.

Moreover, the undersigned finds the decision in *Williams v. Central Transport International, Inc.*, 830 F.3d 773 (8th Cir. 2016) to be persuasive. In that case, the reviewing court affirmed a trial court's determination that the plaintiff was an FLSA exempt employee pursuant to the Motor Carrier Act. In so doing, the Court rejected the contention that the definition of an exempt "loader" for purposes of the exemption should be dictated by the regulations promulgated by the Department of Labor, and declined to give any deference to those regulations, concluding that such determinations were subject to the Secretary of Transportation's jurisdiction. *Id.* at 778. The Court instead concluded that based upon the Supreme Court's controlling precedents that "if

an employee spends a substantial part of his time. . . participating in or directing the actual loading of a motor vehicle common carrier's operating in interstate. . . commerce,. . .the MCA Exemption applies, regardless of the employee's precise role in the loading process." *Id.*

While neither side has argued that the Department of Labor's regulations should not be given deference, even absent those regulations, the court finds that the Plaintiff's duties as a loader, are sufficient to for him to fall within the MCE.  It is clear that he had responsibilities for wrapping products to be loaded onto the trucks and loading them in a secure fashion.  He evaluated whether loading instructions he received were not appropriate, and recognized the importance of safely loading the products.  The evidence does not support his argument that he merely placed a product on a pallet where he was directed to place it during the loading process; his responsibilities were far greater than a mere laborer who would not fall within the MCE.  Thus, the Plaintiff's duties fall within the description of an exempt loader under applicable precedent. *See e.g.*, *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 662 (1947); *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 707 (1947); *Morris v. McComb*, 332 U.S. 422, 434 (1947), Defendants are therefore entitled to summary judgment.

V. **CONCLUSION**

Accordingly, based upon the foregoing analysis and a thorough review of the entire record, it is

**ORDERED and ADJUDGED** that the Defendants' Motion to Strike or Disregard Plaintiff's Affidavit, ECF No. [46] is **DENIED**. It is further

13

**ORDERED and ADJUDGED** that the Defendants' Case-Dispositive Motion for Summary Judgment, ECF No. [38] is **GRANTED**. A final judgment in favor of the Defendants will be entered by way of separate order.

**DONE AND ORDERED** in Miami, Florida, in chambers, on September 30, 2017.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**

    **All counsel of record**